IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALNYLAM EUROPE AG<br>Fritz-Hornschuch-Str. 9<br>Kulmbach, Germany 95326,<br><br>            Plaintiff,<br>    v.<br><br>HON. JOHN J. DOLL<br>Acting Under Secretary of Commerce for<br>Intellectual Property and Acting Director of<br>The United States Patent and Trademark<br>Office.<br>Office of General Counsel, United States<br>Patent and Trademark Office,<br>P.O. Box 15667, Arlington, VA 22215<br>Madison Building East, Rm 10B20, 600<br>Dulany Street, Alexandria, VA 22314<br><br>            Defendant. | Civil Action No. _____ |

## COMPLAINT

Plaintiff, Alnylam Europe AG ("Alnylam"), for its Complaint against the Honorable John J. Doll, states as follows:

### NATURE OF ACTION

1.  This is an action brought by Alnylam, the assignee of United States Patent No. 7,473,525 ("the '525 patent"), seeking a judgment, pursuant to 35 U.S.C. § 154(b)(4)(A), that the patent term adjustment for the '525 patent be changed from 768 days to 1334 days.

2.  This action arises under 35 U.S.C. § 154 and the Administrative Procedure Act, 5 U.S.C. §§ 701-706.

1

## THE PARTIES

3.  Plaintiff Alnylam is a corporation organized under the laws of the Germany, having a principal place of business at Fritz-Hornschuch-Str. 9, Kulmbach, Germany 95326.

4.  Defendant John J. Doll is the Acting Under Secretary of Commerce for Intellectual Property and Acting Director of the United States Patent and Trademark Office ("PTO"), acting in his official capacity. The Director is the head of the PTO and is responsible for superintending or performing all duties required by law with respect to the granting and issuing of patents, and is designated by statute as the official responsible for determining the period of patent term adjustments under 35 U.S.C. § 154.

## JURISDICTION AND VENUE

5.  This Court has jurisdiction to hear this action and is authorized to issue the relief sought pursuant to 28 U.S.C. §§ 1331, 1338(a) and 1361; 35 U.S.C. § 154(b)(4)(A); and 5 U.S.C. §§ 701-706.

6.  Venue is proper in this district by virtue of 35 U.S.C. § 154(b)(4)(A).

7.  This Complaint is being timely filed in accordance with 35 U.S.C. § 154(b)(4)(A).

## BACKGROUND

8.  Roland Kreutzer, Stefan Limmer, Hans-Peter Vornlocher, Philipp Hadwiger, Anke Geick, Matthias Ocker, Christoph Herold, and Detlef Schuppan are the inventors of patent application number 10/384,260 ("the '260 application") entitled "Compositions and Methods for Inhibiting Expression of Anti-Apoptotic Genes."

9. The '260 application was filed on March 7, 2003, and issued as the '525 patent on January 6, 2009. The '525 patent is attached as Exhibit A.

10. Plaintiff Alnylam is the assignee of all right, title and interest in the '525 patent, as evidenced by records on deposit with the PTO.

11. Section 154 of title 35 of the United States Code requires that the Director of the PTO grant a patent term adjustment in accordance with the provisions of section 154(b). Specifically, 35 U.S.C. § 154(b)(3)(D) states that "[t]he Director shall proceed to grant the patent after completion of the Director's determination of a patent term adjustment under the procedures established under this subsection, notwithstanding any appeal taken by the applicant of such determination."

12. In determining the patent term adjustment, the Director is required to extend the term of a patent for a period equal to the total number of days attributable to delay by the PTO under 35 U.S.C. § 154(b)(1), as limited by any overlapping periods of delay by the PTO as specified 35 U.S.C. § 154(b)(2)(A), any disclaimer of patent term by the applicant under 35 U.S.C. § 154(b)(2)(B), and any delay attributable to applicant under 35 U.S.C. § 154(b)(2)(C).

13. The Director made a determination pursuant to 35 U.S.C. § 154(b)(3) that the patent term of the '525 patent should be adjusted by 768 days and issued the '525 patent reflecting that determination.

14. Plaintiff Alnylam filed a Request for Reconsideration of Patent Term Adjustment Under 37 C.F.R. § 1.705(d) on March 5, 2009, requesting that the term of the '525 patent be adjusted by 1334 days.

15. Under 35 U.S.C. § 154(b)(4)(A), "[a]n applicant dissatisfied with a determination made by the Director under paragraph (3) shall have remedy by a civil action against the Director filed in the United States District Court for the District of Columbia within 180 days after the grant of the patent. Chapter 7 of title 5 shall apply to such action."

## CLAIM FOR RELIEF

16. The allegations of paragraphs 1-15 are incorporated in this claim for relief as if fully set forth.

17. The patent term adjustment for the '525 patent, as determined by the Director under 35 U.S.C. § 154(b), and listed on the face of the '525 patent, is 768 days. (See Ex. A at 1). The determination of this 768 day patent term adjustment is in error because the PTO failed to properly account for the delays that occurred before the date that was three years after the actual filing date of '260 application, pursuant to 35 U.S.C. § 154(b)(1)(A). The Director also miscalculated the number of days attributable to applicants' delay, pursuant to 35 U.S.C. § 154(b)(2)(C). The correct patent term adjustment for the '525 patent is 1334 days.

18. The '525 application was filed on March 7, 2003, and issued as the '525 patent on January 6, 2009.

19. Under 35 U.S.C. § 154(b)(1)(A), the plaintiff is entitled to an adjustment of the term of the '525 patent of a period of 805 days, which is attributable to PTO examination delay ("A Delay").

20. Under 35 U.S.C. § 154(b)(1)(B), the plaintiff is entitled to an additional adjustment of the term of the '525 patent of a period of 1036 days, which is the number of

4

days the issue date of the '525 patent exceed three years from the filing date of the '260 application ("B Delay").

21.     35 U.S.C. § 154(b)(2)(A) provided that "to the extent ... periods of delay are attributable to grounds specified in paragraph [154(b)(1)] overlap, the period of any adjustment granted under this subsection shall not exceed the actual number of days the issuance of the patent was delayed." The overlap between the "A Delay" period and "B Delay" period (*i.e.,* the period of "A Delay" that occurred between March 8, 2006 and January 6, 2009) is 248 days.

22.     Thus, the total period of PTO delay is 1593 days, which is the sum of the period of A Delay (805 days) and the period of B Delay (1036 days) reduced by the period of overlap (248 days).

23.     Under 35 U.S.C. § 154(b)(2)(C), the total period of PTO delay is reduced by the period of applicant delay, which the PTO incorrectly determined is 268 days. Plaintiff contends that the PTO incorrectly attributed a 9-day delay in filing an IDS (*i.e.,* the period from June 18, 2008 until June 26, 2008) to the period of applicants' delay. Plaintiff thus contends that the period of applicants' delay is 259 days.

24.     The '525 patent is not subject to a disclaimer of term. Thus, the period of patent term adjustment is not limited under 35 U.S.C. § 154(b)(2)(B).

25.     Accordingly, the correct patent term adjustment under 35 U.S.C. § 154(b)(1) and (2) is the sum of the "A Delay" and "B Delay" (805 + 1036 = 1841 days) reduced by the number of days of "A Delay" that occurred more than three years after the filing date of the '260 application (1841 − 248 = 1593 days) and reduced by the number of days of applicant delay (259 days) for a net adjustment of 1334 days.

26. The Director arrived at the incorrect 768-day patent term adjustment by miscalculating the overlap of the A Delay and the B Delay under 35 U.S.C. § 154(b)(2)(A), in addition to miscalculating the period of applicant delay.

27. The Director incorrectly determined that the entire period of PTO examination delay (805 days), and not only the period of PTO examination delay that occurred after the date that was three years after the actual filing date of the '260 application (248 days), was the period of overlap between the "A Delay" and the "B Delay." By further subtracting the miscalculated period of applicant delay (268 days vs. 259 days), the Director erroneously arrived at a net patent adjustment of 768 days.

28. In Wyeth v. Dudas, 580 F. Supp. 2d 138 (D.D.C. 2008), this Court explained the proper construction of the provisions of 35 U.S.C. § 154(b) for determining patent term adjustment. In accordance with Wyeth, the patent term adjustment for the '525 patent is properly determined to be 1334 days, as set forth above.

29. The Director's determination that the '525 patent is entitled to only 768 days of patent term adjustment is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law and in excess of statutory jurisdiction, authority or limitation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court:

A. Issue an Order changing the period of patent term adjustment for the '525 patent term from 768 days to 1334 days and requiring defendant to alter the terms of the '525 patent to reflect the 1334-day patent term adjustment.

B.  Issue an Order declaring the period of applicant delay for the '525 patent changed from 268 days to 259 days.

C.  Grant such other and further relief as the nature of the case may admit or require and as may be just and equitable.

Plaintiff hereby demands a trial by jury on all issues so triable.

Date: June 25, 2009                     Respectfully submitted,

*Joseph A. Hynds*, Bar No. 440464
Rothwell, Figg, Ernst & Manbeck, P.C.
1425 K Street, NW; Suite 800
Washington, DC  20005
Tel: (202) 783-6040

*Attorney for Plaintiff*
*Alnylam Europe AG*